## Devinney *against* Norris.

The employment of an attorney at law to prevent the condemnation of real estate upon an execution, does not create such a relation between him and his client as precludes him from becoming a purchaser of the estate when sold by the sheriff.

A plaintiff in a judgment having issued execution and levied and sold land for an amount less than his judgment which he received, and afterwards issued other executions and collected the whole amount of his judgment without crediting the proceeds of the first sale, and then having become the owner of the land by purchase from the purchaser at sheriff's sale, he is not thereby estopped from holding it.

ERROR to the common pleas of *Juniata* county.

This was an action of ejectment by John Norris, Esquire, against John Devinney and others, for a tract of land in Lock township. The original title to the land was in Thomas M'Cleary, who conveyed the same to Daniel Devinney on the 30th of March 1800. The plaintiff then gave in evidence the record of a judgment of D. Watts and John Norris against Daniel Devinney for 405 dollars, upon which executions issued, and the land was sold by the sheriff on the 23d of January 1808, to W. W. Laird, for 105 dollars, who, on the 13th of January 1816, conveyed the same to James Criswell, against whom judgment was obtained, execution issued, and the land was levied and sold on the 19th of April 1830, to John Norris, the plaintiff.

The defendants gave evidence to establish the fact that, after the sale of the land upon the execution of Watts and Norris for 105 dollars, other executions were issued upon the same judgment, and the whole amount of it was collected from the defendant, and therefore Norris, the plaintiff, was now estopped from claiming the land, the sale of which he had treated as a nullity, by not crediting in his judgment the proceeds of it.  But the court below (Reed, president) instructed the jury, that even if the fact was as alleged (which did not, however, appear from the evidence) it would not bar the plaintiff's right to recover.

The defendants also proved that when the sheriff held an inquest upon the land on the execution of Watts and Norris, W. W. Laird appeared before the jury, as the attorney of Daniel Devinney, to prevent the condemnation; and contended, thereupon, that the relation of attorney and client thus existed between W. W. Laird and Daniel Devinney, by which Laird was precluded afterwards from becoming the purchaser at sheriff's sale, and that his purchase

enured for the benefit of his client:—but the court instructed the jury that such was not the law. Verdict for the plaintiff.

*J. Fisher* and *Parker*, for plaintiffs in error.
*A. S. Wilson* and *Benedict*, for defendant in error.

The opinion of the Court was delivered by
SERGEANT, J.—Two objections are chiefly relied on by the plaintiffs in error to the charge of the court. First, it is alleged that Laird's title was bad, because he was the attorney of Devinney in the suit against him on which the judgment was recovered, and also, as was alleged, attended as such before the jury at the condemnation of this land, and therefore he could not legally become a purchaser of the defendant's title at sheriff's sale; or if he did, was trustee for the defendant. The suit related entirely to money, and had nothing to do with the land. The attendance of the attorney before the inquisition must have been either to prevent a condemnation, or to see that the land was properly condemned. But in relation to the sale, Laird was not employed, nor had he any connection with, or control over, it. There is nothing in the simple circumstance of his having previously been the defendant's attorney in the suit, that would prevent his becoming a bidder, when there is no evidence of any undue step taken by him to the prejudice of the defendant. On the contrary, his becoming an additional bidder was rather a benefit to the defendant. Besides, if Laird could be considered as trustee for Devinney, (for which I see no ground whatever,) Norris held under a purchase for a valuable consideration and without notice, so far as appears, and had no connection with Laird in his purchase.

It is said that however valid the title of Laird might otherwise be, yet the plaintiff, Norris, could not purchase and set it up, because he was one of the plaintiffs in the suit in which the judgment was recovered against Devinney on which this land was sold for 105 dollars; that the plaintiff received that 105 dollars on his judgment, which was for 420 dollars 47 cents; notwithstanding which he afterwards issued execution on the judgment and collected the whole amount of it, and the argument is, that the conduct of the plaintiff shows that he considered the former execution and sale as set aside or annulled by the understanding of the parties; and, therefore, was paid the whole amount of his judgment, and that he is now estopped from holding the land out of which the 105 dollars arose. If these facts were true, it is not easy to see how it could affect the title of Laird, who purchased and paid for the land and that of the plaintiff, a purchaser under him, after several conveyances, and by a sale made more than twenty years afterwards. The proper remedy of Devinney (if he had any right) would have been to recover back the money thus twice paid to Norris. But there is no evidence to sustain the allegation. The last payment to Norris was by Devin-

[Devinney v. Norris.]

ney himself, and it is not to be supposed he would pay Norris the 105 dollars a second time, if he had already collected it by the former execution and sale. The payment to Norris of the 105 dollars is only inferred from the endorsement on previous writs of execution, to credit so much collected by the sale to Laird; but the first of these expressly states that it was to be paid to the judgments that had priority, and the evidence was that there were judgments prior to Norris's, so that the necessary inference is, that they received it and not Norris.

Judgment affirmed.